```
UNITED STATES DISTRICT COURT
  NORTHERN DISTRICT OF INDIANA
        HAMMOND DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 2:08-CV-315 ) ) |
| DENNIS R. KALSHAN, TERESA L. KALSHAN, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion for Entry of Default Judgment and Decree of Foreclosure (DE #7), and (2) Motion for Summary Judgment (DE #9), both filed by Plaintiff, the United States of America.  For the reasons set forth below, the Motion for Entry of Default Judgment and Decree of Foreclosure (DE #7) is **DENIED AS MOOT**, and the Motion for Summary Judgment (DE #9) is **GRANTED.**

BACKGROUND

On October 29, 2008, the Government, on behalf of its agency, the Rural Housing Service (formerly known as Farmers Home Administration), filed a Complaint against Dennis R. Kalshan and Teresa L. Kalshan (the "Kalshans"), the Town of Cedar Lake, and

Cedar Lake Wastewater.[1] (DE #1.) The Government's Complaint seeks to "recover judgment following default in repayment of money due under a promissory note and to foreclose a mortgage given to secure the note." (DE #10, p. 1.) The Kalshans were served on October 30, 2008. (DE #3 & DE #4.) Return of service was executed on November 3, 2008. (*Id.*) To date, the Kalshans have not appeared before this Court, nor have they responded to the Complaint. After Application for Clerk's Entry of Default was requested by the Government, the Clerk entered default against the Kalshans on December 30, 2008. (DE #6.) The Government then filed a Motion for Entry of Default Judgment and Decree of Foreclosure on January 30, 2009. (DE #7.) However, after speaking with the Court regarding the aforementioned motion, the Government filed a Motion for Summary Judgment on May 6, 2009. (DE #9.) In a Memorandum in Support of Motion for Summary Judgment, the Government explained that:

> The calculation of interest under the mortgage is complicated by an agreement which provides that the government would subsidize some of the interest. The primary defendants, Dennis R. Kalshan and Teresa L. Kalshan, have failed to appear or file answer and have been defaulted by the Clerk, however, due to the nature of the 'subsidy' portion of the transaction, plaintiff seeks entry of final judgment by way of a motion for summary judgment to permit an explanation of how final

---

[1] The Government subsequently moved to dismiss the Town of Cedar Lake and Cedar Lake Waterwaste without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (DE #12.)

judgment should be determined.

(DE #10, p. 1.) Thus, the Motion for Entry of Default Judgment and Decree of Foreclosure (DE #7) is **DENIED AS MOOT**, and the remainder of this Opinion and Order will focus on the Motion for Summary Judgment.

DISCUSSION

Summary Judgment

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a

4

complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Undisputed Facts

Here, as the Kalshans have failed to appear and respond to the Complaint or the Motion for Summary Judgment[2], the following facts as set forth by the Government and appropriately supported by the record are undisputed.

On October 25, 1985, the Kalshans executed a promissory note (the "note") agreeing to pay the United States of America acting through the Farmers Home Administration of the Department of Agriculture, the principal amount of $36,500 plus interest on the unpaid principal at the rate of 10.625% per annum. (DE #1-2, p. 1.) To secure the indebtedness due under the note, the Kalshans executed a mortgage on the real estate commonly known as 12742 Fairbanks, Cedar Lake, Indiana, 46303 and described as:

> Lots 1, 2, and 3, Block 10, High-Grove Second, to the Town of Cedar Lake as shown in Plat Book 16, page 20, in Lake County, Indiana.

(DE #1-4, pp. 1-2.) The note and mortgage were to provide purchase money so the Kalshans could purchase the property. (DE #1-4.)

As a part of this loan, the Kalshans and a representative of the Farmers Home Administration of the United States Department of

---

[2] The Government filed an affidavit that the Kalshans are not in the military service and are neither infants nor incompetents. (DE #7-2, pp. 1-3.) On May 6, 2009, the Government also filed a proper *Timms* notice in conjunction with the Motion for Summary Judgment. (DE #11.)

5

Agriculture executed a Subsidy Repayment Agreement on October 25, 1985, in which the United States agreed to "subsidize" or credit and accumulate a part of the accruing interest under the promissory note. (Affidavit of Richard Isserman, DE #9-2, pp. 1-2.)

The transaction evidenced by the note, mortgage and subsidy agreement can be summed up as follows:

> A portion of the interest due under the note was to be abated in order to make the payments affordable for the Kalshans. So long as payments were made on a timely basis, the abated interest continued to accrue but would remain unpaid until the property was ultimately sold [or no longer occupied], when the abated interest would have been then paid to the government from the sales proceeds. In the event of default, the abated interest credit comes due and is a charge against the real estate under the mortgage, but is not a personal obligation of the Kalshans.

(DE #10, p. 2.) *See also* Affidavit of Richard Isserman, DE #9-2; DE #1-3. It is undisputed that the Kalshans are in default for failure to make timely payments of sums due under the note and that the United States is the holder of the note and mortgage.

Accordingly, pursuant to the terms described in the documents noted above, the sum of $14,658.94 consisting of $13,739.08 in principal plus $919.86 in interest as of June 27, 2008, is due from the Kalshans, personally. The total amount due under the mortgage is the sum of $47,507.80, consisting of $13,739.08 in principal, $919.86 in interest, $31,275.49 in subsidy/interest recapture, and $1,573.37 in fees and costs advanced and upon which interest will

6

accrue from and after June 27, 2008, to date of judgment at $4.1883 per day. *See* DE #10, pp. 3-5; DE #1-2; DE #1-3; DE #1-4. The United States of America is entitled to foreclose its mortgage on the real property described herein and is entitled to have the real estate sold and the proceeds applied to the satisfaction of its judgment.

CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion for Summary Judgment (DE #10) and **ORDERS** judgment to be entered in favor of Plaintiff, the United States of America, and against the Kalshans as follows:

1. That Plaintiff, the United States of America, have and recover an *in personam* judgment against the Kalshans, jointly and severally, in the sum of $14,658.94.

2. That Plaintiff, the United States of America, have and recover an *in rem* judgment against the property which is the subject of this mortgage foreclosure action in the sum of $47,507.80 plus interest at the rate of $4.1883 per day from and after June 27, 2008, to the date of judgment.

3. That the equity of redemption, and any and all interest of the Kalshans, and all persons claiming by, through or under them in and to the following real estate located in Lake County, State of Indiana, to-wit:

> Lots 1, 2, and 3, Block 10, High-Grove Second, to the Town of Cedar Lake as shown in Plat Book 16, page 20, in Lake County, Indiana.
>
> Commonly known as: 12742 Fairbanks, Cedar Lake, Indiana, 46303

be, and is hereby forever barred and foreclosed.

4. That the aforementioned real estate and all right, title and interest and claim of the Kalshans and of all persons claiming by, through or under them in and to the same, be sold by the United States Marshal for the Northern District of Indiana, in accordance with the laws governing foreclosure of real estate mortgages, without relief from valuation and appraisement laws; that at any such sale, the Marshal, upon request of the Plaintiff, is authorized to offer the aforementioned real estate for sale in parcels as well as a whole; and that the Marshal, after the Court's confirmation of sale, shall issue a Marshal's Deed to the purchaser or purchasers thereof; provided, however, that the interest acquired by the purchaser at said sale shall be subject to any lien of Lake County, Indiana, for real property taxes in regard to said real estate, and further subject to any lien of the Town of Cedar Lake for sewer which is duly and properly recorded in the Recorder's Office of Lake County prior to delivery of the deed to the purchaser.

5. That the United States of America may become a purchaser at such sale of any part of or all of the mortgaged property and may make payment therefor with such part of its judgment which was

secured by the subject real estate. That the United States of America may submit a sealed written bid to the United States Marshal at any time prior to the Marshal's sale. The Marshal shall unseal and publicly announce the United States' bid prior to receiving bids from persons present at the Marshal's sale. The public announcement of the United States' written bid shall have the same effect as if a representative of the United States were present and submitted its bid at the Marshal's sale.

6. That the proceeds from the sale of the real estate described above shall be applied as follows:

    (a) First, to the payment of all costs and accruing costs herein;

    (b) Next, to the payment of the judgment in favor of the Plaintiff as specified in paragraph 2 above;

    (c) Next, the overplus, if any, remaining after the payment of the foregoing, shall be paid to the Clerk of the Court to be disposed of as the Court shall thereafter direct.

7. That the purchaser or purchasers at said sale shall be entitled to receive the deed to said real estate from the United States Marshal upon confirmation of said sale by the Court; and the said deed or conveyance shall forever bar and foreclose all of the right, title and interest of each and all of the defendants, and of all persons claiming by, under or through them in and to said real estate.

8. In addition to issuing a deed of conveyance to the purchaser(s), the United States Marshal, following Court

confirmation of the sale, shall be authorized, if required for clear title, to provide the purchaser(s) with an appropriately completed disclosure form showing the United States Marshal as the "Seller" of the foreclosed property.

The Clerk of this Court is directed to enter final judgment accordingly.

**DATED: September 30, 2009**       /s/RUDY LOZANO, Judge
                                    **United States District Court**